

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-73,203-03

### EX PARTE KEVIN EDWARD CONNORS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 937946-B IN THE 339TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam. Yeary, J., concurred.*

### O R D E R

A jury convicted Applicant of murder, and the trial court assessed a forty-five year prison sentence. The Fourteenth Court of Appeals affirmed the conviction. *Connors v. State*, No. 14-05-00126-CR (Tex. App.—Houston [14th Dist.] del Aug. 10, 2006). Applicant filed a *pro se* application for a writ of habeas corpus that this Court denied on September 14, 2011. Applicant later filed, through habeas counsel, this subsequent application for a writ of habeas corpus. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that the State failed to disclose exculpatory evidence regarding the victim's bad character—several police reports—and that the State presented evidence of the victim's good character—his attending a Christian school—that left a false impression. *See Brady v.*

*Maryland*, 373 U.S. 83 (1963); *United States v. Bagley*, 473 U.S. 667 (1985); *Alcorta v. Texas*, 355 U.S. 28 (1957); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Ex parte Ghahremani*, 332 S.W.3d 470 (Tex. Crim. App. 2011) *Ex parte Chabot*, 300 S.W.3d 768 (Tex. Crim. App. 2009). The trial court conducted an evidentiary hearing. It has entered findings and recommends that habeas relief be granted on both grounds. The State objects.

This Court has independently reviewed the trial and habeas records, including the reporter's record of Applicant's trial. The trial court's habeas findings and recommendation are not supported by the record. Regarding the State's alleged failure to disclose exculpatory evidence, Applicant fails to show materiality. There is not a reasonable probability, considering the totality of the evidence, that the result of proceeding, either at guilt-innocence or at punishment, would have been different had the allegedly suppressed evidence been disclosed. This claim is denied.

Regarding the State's presentation of evidence that allegedly left a false impression, Applicant fails to show that the State presented any false or misleading testimony or that the State presented any evidence that created a false impression. To the extent that the claim is based on the "newly discovered" police reports, it lacks merit and is denied. Otherwise, this claim is dismissed as subsequent. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4; *Ex parte Whiteside*, 12 S.W.3d 819 (Tex. Crim. App. 2000); *Ex parte Brooks*, 219 S.W.3d 396 (Tex. Crim. App. 2007).

Filed: April 1, 2020
Do not publish